1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOFFER MORRIS, | ) 1:12-cv—01363-BAM-HC |
| | ) |
| Petitioner, | ) ORDER DISMISSING THE PETITION |
| | ) WITHOUT LEAVE TO AMEND (Doc. 1) |
| | ) |
| v. | ) ORDER DECLINING TO ISSUE A |
| | ) CERTIFICATE OF APPEALABILITY |
| R. LOPEZ, | ) |
| | ) ORDER DIRECTING THE CLERK TO |
| Respondent. | ) CLOSE THE CASE |
| | ) |
|_____| ) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on September 4, 2012 (doc. 6).  Pending before the Court is the petition, which was filed on August 21, 2012.

I.  <u>Legal Standards</u>

A.  <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United

1

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

///

B.   Review under 28 U.S.C. § 2254(d)

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

Title 28 U.S.C. § 2254 provides in pertinent part:

(d) An application for a writ of habeas corpus on
behalf of a person in custody pursuant to the
judgment of a State court shall not be granted
with respect to any claim that was adjudicated
on the merits in State court proceedings unless
the adjudication of the claim—

(1) resulted in a decision that was contrary to,
or involved an unreasonable application of, clearly
established Federal law, as determined by the
Supreme Court of the United States; or

(2) resulted in a decision that was based on an
unreasonable determination of the facts in light
of the evidence presented in the State court
proceeding.

Clearly established federal law refers to the holdings, as opposed to the dicta, of the decisions of the Supreme Court as of the time of the relevant state court decision.  Cullen v. Pinholster, - U.S. -, 131 S.Ct. 1388, 1399 (2011); Lockyer v. Andrade, 538 U.S. 63, 71 (2003); Williams v. Taylor, 529 U.S. 362, 412 (2000).  It is thus the governing legal principle or principles set forth by the Supreme Court at the pertinent time. Lockyer v. Andrade, 538 U.S. 71-72.

A state court's decision contravenes clearly established Supreme Court precedent if it reaches a legal conclusion opposite to, or substantially different from, the Supreme Court's or concludes differently on a materially indistinguishable set of

facts.  <u>Williams v. Taylor</u>, 529 U.S. at 405-06.  The state court need not have cited Supreme Court precedent or have been aware of it, "so long as neither the reasoning nor the result of the state-court decision contradicts [it]." <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002).  A state court unreasonably applies clearly established federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable.  <u>Hernandez v. Small</u>, 282 F.3d 1132, 1142 (9th Cir. 2002); <u>see</u>, <u>Williams</u>, 529 U.S. at 407.  An application of clearly established federal law is unreasonable only if it is objectively unreasonable; an incorrect or inaccurate application is not necessarily unreasonable.  <u>Williams</u>, 529 U.S. at 410.

    A state court's determination that a claim lacks merit precludes federal habeas relief as long as it is possible that fairminded jurists could disagree on the correctness of the state court's decision.  <u>Harrington v. Richter</u>, 562 U.S. -, 131 S.Ct. 770, 786 (2011).  Even a strong case for relief does not render the state court's conclusions unreasonable.  <u>Id.</u>  In order to obtain federal habeas relief, a state prisoner must show that the state court's ruling on a claim was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Id.</u> at 786-87.  The standards set by § 2254(d) are "highly deferential standard[s] for evaluating state-court rulings" which require that state court decisions be given the benefit of the

1  doubt, and the Petitioner bear the burden of proof.  Cullen v.

2  Pinholster, 131 S. Ct. at 1398.  Further, habeas relief is not

3  appropriate unless each ground supporting the state court

4  decision is examined and found to be unreasonable under the

5  AEDPA.  Wetzel v. Lambert, --U.S.--, 132 S.Ct. 1195, 1199 (2012).

6      In assessing under section 2254(d)(1) whether the state

7  court's legal conclusion was contrary to or an unreasonable

8  application of federal law, "review... is limited to the record

9  that was before the state court that adjudicated the

10 claim on the merits."  Cullen v. Pinholster, 131 S. Ct. at 1398.

11 Evidence introduced in federal court has no bearing on review

12 pursuant to § 2254(d)(1).  Id. at 1400.  Further, 28 U.S.C.

13 § 2254(e)(1) provides that in a habeas proceeding brought by a

14 person in custody pursuant to a judgment of a state court, a

15 determination of a factual issue made by a state court shall be

16 presumed to be correct; the petitioner has the burden of

17 producing clear and convincing evidence to rebut the presumption

18 of correctness.  A state court decision that was on the merits

19 and was based on a factual determination will not be overturned

20 on factual grounds unless it was objectively unreasonable in

21 light of the evidence presented in the state proceedings.

22 Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

23     II.  The Petition

24     Petitioner alleges that he is an inmate of the California

25 State Prison at Corcoran, California (CSP-COR), serving two six-

26 year sentences imposed in the Los Angeles Superior Court on July

27 17, 2006, for having committed second degree burglary in

28 violation of Cal. Pen. Code § 459, and in the Orange County

1 Superior Court on September 11, 2008, for having committed

2 assault without a weapon in violation of Cal. Pen. Code

3 § 245. (Pet., doc. 1, 1.)   Petitioner alleges that he is

4 serving an indeterminate term in the Security Housing Unit (SHU).

5 Petitioner alleges that he is otherwise a minimum custody inmate

6 with a classification score of less than ten points, and he has

7 not been found guilty of a rules violation since 2001, when he

8 removed sugar from the dining hall.  Further, he has never been

9 sanctioned in a rules violation report for gang activity or any

10 other conduct which, if true, could be prosecuted as a

11 misdemeanor or felony. (Id. at 4.)  Petitioner alleges that when

12 Cal. Pen. Code § 2933.6 took effect on January 25, 2010, it

13 reduced petitioner's ability to earn what Petitioner describes as

14 "85% time credit", which resulted in a change of his release date

15 from January 12, 2013, to October 10, 2013.  (Id. at 4, 25-26.)

16 Petitioner alleges that on April 10, 2009, before § 2933.6 took

17 effect, he was validated as a member of the Nazi Low Rider (NLR)

18 prison gang whose presence in the general population was found on

19 February 25, 2010, to pose a threat to the safety and security of

20 the prison.  (Id. at 16, 18, 25.)  A summary of the action taken

21 in February 2010 indicates that Petitioner's most recent gang

22 activity documented on California Department of Corrections and

23 Rehabilitation (CDCR) 128B-2 forms was not more than six years

24 old, so Petitioner's gang status was not referred for review.

25 (Id. at 25.)  As a result, Petitioner was assigned to the SHU on

26 or about April 1, 2009.  However, Petitioner declares that he is

27 not an associate of any gang, has not ever engaged in any gang

28 activity, and thus has no information to divulge.  (Id. at 28.)

6

He asserts that he had no knowledge of an unreliable note discovered in a prison hospital holding cell on February 25, 2009, which allegedly listed Petitioner as an active associate or member and was used to re-validate him as a gang associate, and he did not give anyone permission to use his name. (Id. at 28, 31.)

Petitioner alleges that he "presumably" has undergone review by a classification committee at least every 180 days for possible release to the general inmate population, where he could earn time credits; however, he was found to present a continuing threat; further, Petitioner alleges that six years without gang activity must pass before he could be released from the SHU pursuant to Cal. Code Regs., tit. 15, § 3341.5(c)(5). (Id. at 9.)

Petitioner filed petitions for habeas relief in the state courts, which were denied. The Kings County Superior Court (KCSC) reasoned that the conduct giving rise to the credit-earning limitation was not conduct occurring before the effective date of the provision, but rather was the continuing conduct of creating a threat to the safety and security of the institution, as documented by periodic review by a classification committee. (Id. at 16.)  Petitioner was proved to be a threat to the security of the prison by his association with a prison gang engaged in criminal conduct threatening the safety of others; if Petitioner were found not to present a continued threat to institutional security, he would be released to the general population and not be subject to the credit-earning limitations of § 2933.6(a).  Alternatively, Petitioner could refrain from

1    gang association or conduct for six years, or he could

2    voluntarily debrief from gang association.  Because Petitioner

3    had not done so, he effectively chose to be an active prison gang

4    member in prison and thus engaged in misbehavior.  (Id. at 20.)

5    The state court of appeal denied Petitioner's habeas petition

6    raising the ex post facto claim without prejudice to filing a new

7    petition in the event that the California Supreme Court

8    determined that the application of § 2933.6 to Petitioner's

9    circumstances constituted an ex post facto violation.  (Id. at

10   22.)  The California Supreme Court denied Petitioner's habeas

11   petition without a statement of reasons or citation of any

12   authority.  (Id. at 33.)

13        Petitioner alleges the following claims in the petition:  1)

14   enactment of Cal. Pen. Code § 2933.6 and application of it to

15   Petitioner violated state and federal prohibitions against ex

16   post facto laws; and 2) the state courts misapplied the law and

17   made an unreasonable determination of the facts pursuant to

18   § 2254(d)(2) in light of the evidence presented when they made

19   factual findings that conduct of Petitioner that post-dated

20   January 25, 2010, was to blame for his credit "loss."  (Id. at 4,

21   9-10.)

22        III.  State Law Claims

23        A district court may entertain a petition for a writ of

24   habeas corpus by a person in custody pursuant to the judgment of

25   a state court only on the ground that the custody is in violation

26   of the Constitution, laws, or treaties of the United States.  28

27   U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362,

28   375 n.7 (2000); Wilson v. Corcoran, 562 U.S. –, –, 131 S.Ct. 13,

8

1   16 (2010) (per curiam).  Federal habeas relief is not available

2   to retry a state issue that does not rise to the level of a

3   federal constitutional violation.  <u>Wilson v. Corcoran</u>, 562 U.S.

4   at 16; <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).  Thus,

5   alleged errors in the application of state law are not cognizable

6   in federal habeas corpus.  <u>Souch v. Schaivo</u>, 289 F.3d 616, 623

7   (9th Cir. 2002).  In a habeas proceeding, this Court is bound by

8   the California Supreme Court's interpretation of California law

9   unless it is determined that the interpretation is untenable or a

10  veiled attempt to avoid review of federal questions.  <u>Murtishaw</u>

11  <u>v. Woodford</u>, 255 F.3d 926, 964 (9th Cir. 2001).

12       Here, there is no indication of an untenable interpretation

13  or any attempt to avoid review of federal questions.

14       In the first claim, Petitioner contends in part that the

15  application of § 2933.6 to him violates the state prohibition

16  against ex post facto laws.  In the second claim, Petitioner

17  alleges in part that the state courts misapplied the statute, a

18  contention that is based on a state court's application of state

19  law.  Petitioner thus bases parts of his first and second claims

20  on state law.  Insofar as Petitioner is alleging claims based on

21  state law, Petitioner has failed to state facts that point to a

22  real possibility of constitutional error.

23       The legal insufficiency of the claims is based not on a

24  dearth of factual allegations, but rather on the nature of the

25  claim as one premised upon state law.  Therefore, even if leave

26  to amend were granted, Petitioner could not state a tenable claim

27  for relief.

28       Accordingly, to the extent that Petitioner's claims are

9

based on state law provisions or an alleged error based solely on the application of state law, the petition will be dismissed without leave to amend.

     IV.  <u>Ex Post Facto Violation</u>

     Petitioner argues that applying to him the version of Cal. Pen. Code § 2933.6 that took effect on January 25, 2010, violates the prohibition of ex post facto laws because his gang validation occurred before the effective date of the revised statute.

     Effective January 25, 2010, Cal. Pen. Code § 2933.6 was amended to read in pertinent part as follows:

> 2933.6. (a) Notwithstanding any other law, a person who is placed in a Security Housing Unit, Psychiatric Services Unit, Behavioral Management Unit, or an Administrative Segregation Unit for misconduct described in subdivision (b) or upon validation as a prison gang member or associate is ineligible to earn credits pursuant to Section 2933 or 2933.05 during the time he or she is in the Security Housing Unit, Psychiatric Services Unit, Behavioral Management Unit, or the Administrative Segregation Unit for that misconduct.
> ....
> (c) This section does not apply if the administrative finding of the misconduct is overturned or if the person is criminally prosecuted for the misconduct and is found not guilty.

(2009-2010 Cal. Stats., 3rd Ex. Sess., ch. 28, § 44 [eff. Jan. 25, 2010].)

     The Constitution provides, "No State shall... pass any... ex post facto Law." U.S. Const. art I, § 10, cl. 1. The Ex Post Facto Clause prohibits any law which: 1) makes an act done before the passing of the law, which was innocent when done, criminal; 2) aggravates a crime and makes it greater than it was when it was committed; 3) changes the punishment and inflicts a greater punishment for the crime than when it was committed; or 4) alters

the legal rules of evidence and requires less or different
testimony to convict the defendant than was required at the time
the crime was committed.  Carmell v. Texas, 529 U.S. 513, 522
(2000).  The provision ensures fair warning of the effect of
legislative acts and permits individuals to rely on the meaning
of statutes until they are explicitly changed; it also restricts
governmental power by restraining arbitrary and potentially
vindictive legislation.  Weaver v. Graham, 450 U.S. 24, 28-29
(1981).  For a penal law to be ex post facto, it must be both
disadvantageous to the offender, and it must be retrospective,
that is, it must apply to events occurring before its enactment
and change the legal consequences of acts completed before its
effective date.  Id. at 29, 31.

     In Weaver v. Graham, 450 U.S. at 25-26, the state applied to
the petitioner a state statute that was passed after the date of
the petitioner's offense and that repealed an earlier statute
that had stated that gain time credits "shall" be granted; thus,
the new statute reduced the amount of gain time awarded for good
conduct and obedience to prison rules.  Id. at 25-26.  The new
enactment was applied to a petitioner whose crime predated it,
and it was used to calculate the gain time available to the
petitioner.  Although other provisions permitted some
discretionary gain time to be made up, under the old statute, the
petitioner had been automatically entitled to the gain time
simply for avoiding disciplinary infractions and performing
assigned tasks.  The new law thus attached legal consequences to
a crime committed before it took effect.  Further, regardless of
whether the scheme for gain time was part of the original

1 sentence or not, it in fact determined to some extent the

2 petitioner's prison term and thus substantially and materially

3 altered the consequences attached to the crime.  Thus, it was

4 retrospective.  Id. at 32-33, 35-36.

5 Likewise, in Lynce v. Mathis, 519 U.S. 433 (1997), it was

6 held that application to the petitioner of a post-offense statute

7 that cancelled early release credits that were available based

8 solely on the growth of the state prison population violated the

9 Ex Post Facto Clause of the Constitution because the new statute

10 did not merely remove a mechanism that created an opportunity for

11 early release, but rather rendered ineligible for early release a

12 class of prisoners who were previously eligible for early

13 release.  The new statute may have affected the precise amount of

14 gain time the petitioner received, and thus it lengthened the

15 time the petitioner spent in prison.  Id. at 442-49.

16 Here, the post-offense statute affected the Petitioner's

17 opportunity to earn credits against his sentence.  However,

18 Petitioner has not shown that it deprived him of any credits

19 earned before the new statute took effect; rather, the credit

20 that was taken from Petitioner was credit that began to accrue

21 after January 25, 2010, the effective date of the statute.

22 Further, the new law did not change the legal consequences

23 of acts completed before its effective date.  Although

24 Petitioner's gang validation proceeding did occur before the

25 effective date of the new statute, it was nevertheless reasonable

26 for the state court to interpret the limitation on earning credit

27 as a consequence not of the gang validation, but rather of

28 Petitioner's own conduct of continuing to associate with a prison

gang found to present a threat to institutional security.  Under California law, an inmate's gang involvement is considered current if there is any documented gang activity within the past six (6) years, and an associate of a gang is a prisoner involved periodically or regularly with members or associates of a gang; further, regulations provide for procedures for the validation of gang activity or association, and for periodic review of the active or inactive status of gang members or associates.  Cal. Code Regs., tit. 15, § 3378(c)-(h).  A validated prison gang member or associate shall be considered for release from a SHU after the inmate is verified as a gang dropout through a debriefing process.  Cal. Code Regs., tit. 15, § 3341.5(c)(4).

In summary, the statute does not punish inmates for conduct that was completed before the effective date of the statute; thus, it is not retrospective.  Cf., Kansas v. Hendricks, 521 U.S. 346, 370-71 (1997) (holding that a state's statute for committing sexually violent predators as applied to a person whose criminal conduct predated the effective date of the statute was not ex post facto in part because it was not retrospective due to the fact that confinement was based on a determination of the person's current mental condition and the resulting likelihood of sexually violent conduct in the future, and not on the commission of conduct predating the enactment).

Therefore, the Court concludes that the application of § 2933.6 to Petitioner to limit his earning credit after the effective date of the statute was not a violation of the Ex Post Facto Clause.  The state court decision denying Petitioner's ex post facto claim and was not contrary to, or an unreasonable

13

1  application of, clearly established federal law.

2       V.   <u>Unreasonable Determination of Facts</u>

3       Petitioner contends that in connection with the ex post

4  facto claim, the state court made an unreasonable determination

5  of the facts pursuant to § 2254(d)(2) in light of the evidence

6  presented when it made factual findings that conduct of

7  Petitioner that post-dated January 25, 2010, was to blame for his

8  credit "loss."  (Pet. at 4, 9-10.)

9       Pursuant to § 2254(d)(2), a habeas petition may be granted

10 only if the state court's conclusion was an unreasonable

11 determination of the facts in light of the evidence presented in

12 the state court proceeding.  Section 2254(d)(2) applies to

13 challenges to state court findings based entirely on the state

14 court record or where the process of the state court is claimed

15 to have been defective.  <u>Taylor v. Maddox</u>, 366 F.3d 992, 999-1001

16 (9th Cir. 2004).  Such challenges include claims that a finding

17 is unsupported by sufficient evidence, the state court's process

18 was defective, or the state court failed to make any finding at

19 all.  <u>Id.</u> at 999.

20      As with the determination made under § 2254(d)(1), the state

21 court's determination must be not merely incorrect or erroneous,

22 but rather objectively unreasonable.  <u>Id.</u>  For relief to be

23 granted, a federal habeas court must find that the trial court's

24 factual determination was such that a reasonable fact finder

25 could not have made the finding; that reasonable minds might

26 disagree with the determination or have a basis to question the

27 finding is not sufficient.  <u>Rice v. Collins</u>, 546 U.S. 333, 340-42

28 (2006).  To conclude that a state court finding is unsupported by

substantial evidence, the federal habeas court must be convinced
that an appellate panel, applying the normal standards of
appellate review, could not reasonably conclude that the finding
is supported by the record.  Taylor v. Maddox, 366 F.3d at 1000.
To determine that a state court's fact finding process is
defective in some material way or non-existent, a federal habeas
court must be satisfied that any appellate court to whom the
defect is pointed out would be unreasonable in holding that the
state court's fact finding process was adequate.  Id.

Here, the state court relied on the determination of the
prison authorities that Petitioner was a gang member.  This Court
notes that the determination of Petitioner's gang association is
not at issue in this proceeding, in which Petitioner challenges
not the gang validation, but rather a statutory provision that
regulates the credit-earning potential of persons housed in the
SHU.  Although Petitioner alleges that he has not ever been a
gang member or associate, the record reflects that Petitioner was
previously validated on February 9, 2009, as a member of the NLR
prison gang; additional confidential information was received in
March 2009 that updated Petitioner's status and validated his
status as an associate of the NLR prison gang.  (Pet. at 30.)
There was no evidence that Petitioner had voluntarily debriefed
from gang association or had refrained from gang association or
conduct for six years.  Likewise, there is no indication in the
record that the gang validation had been invalidated.  A
reasonable fact finder could thus have concluded that Petitioner
continued to associate with a prison gang that was engaged in
conduct threatening the safety of others, and that Petitioner's

15

1  continuing conduct was therefore the basis of his housing status

2  and the attendant limitations on earning time credit.  Although

3  Petitioner may allege that he did not engage in the continuing

4  association with the NLR gang, a reasonable appellate panel

5  applying normal standards of appellate review could reasonably

6  conclude that the gang validation and the finding of a continuing

7  threat to institutional security were supported by the record.

8      Accordingly, the Court concludes that the state court's

9  adjudication of Petitioner's claim did not result in a decision

10 that was based on an unreasonable determination of the facts in

11 light of the evidence presented in the state court proceeding.

12     In summary, Petitioner has not alleged facts warranting

13 relief in a proceeding pursuant to 28 U.S.C. § 2254.  It appears

14 that Petitioner has submitted complete documentation of the

15 proceedings concerning his housing and credit-earning status.

16 Thus, it does not appear that if leave to amend were granted,

17 Petitioner could state a tenable ex post facto claim based on the

18 state court's application of § 2933.6 or an unreasonable

19 determination of the facts.  Accordingly, the petition will be

20 dismissed without leave to amend.

21     VI.  Certificate of Appealability

22     Unless a circuit justice or judge issues a certificate of

23 appealability, an appeal may not be taken to the Court of Appeals

24 from the final order in a habeas proceeding in which the

25 detention complained of arises out of process issued by a state

26 court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537

27 U.S. 322, 336 (2003).  A certificate of appealability may issue

28 only if the applicant makes a substantial showing of the denial

of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

    In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

    A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

    Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

1    Accordingly, the Court will decline to issue a certificate

2   of appealability.

3    VII.  <u>Disposition</u>

4    Accordingly, it is ORDERED that:

5    1) The petition for writ of habeas corpus is DISMISSED

6   without leave to amend; and

7    2)  The Court DECLINES to issue a certificate of

8   appealablity; and

9    3)  The Clerk is DIRECTED to close the action.

10    IT IS SO ORDERED.

11  **Dated:**   **September 10, 2012**          **/s/ Barbara A. McAuliffe**

12                                    UNITED STATES MAGISTRATE JUDGE

18